### Martin Welke et al. v. The Pabst Brewing Co.

1. PRACTICE—*Motions Taken Under Advisement.*—Where a party litigant makes a motion in a case and the court makes no decision thereon, but takes the same under advisement and afterward decides the case against the mover of the motion, such decision operates as a denial of the motion.

2. INDEMNITY CONTRACTS—*Right of Sureties.*—A surety has the right to insist upon the identical terms of his contract, and if he does not assent to a variation of it, and a variation is made, it will release him.

Assumpsit, upon a contract of indemnity. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, pre-

siding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

HENRY M. KELLY and McDOUGALL & CHAPMAN, attorneys for appellants.

The courts have repeatedly announced that contracts and obligations of sureties are always construed in favor of sureties. Burns v. Singer Mfg. Co., 87 Ind. 541; City of Lafayette v. James, 92 Ind. 240; Crego v. The People, 36 Ill. App. 407.

The contracts or obligations of a surety can not be extended beyond the clear and absolute terms of the undertaking; no presumption of equities are allowed to change or alter the legal obligation. Linch v. City of Litchfield, 16 Ill. App. 612; Reed v. Cramb, 22 Ill. App. 34; People v. Bartels, 38 Ill. App. 428; Reynolds v. Hall, 1 Scam. 35; People v. Moon, 3 Scam. 123; Stull et al. v. Hance, 62 Ill. 52; Dodgson v. Henderson, 113 Ill. 360; Burlington Ins. Co. v. Johnson, 120 Ill. 622; People v. Toomey, 122 Ill. 308; Vinyard v. Barnes, 124 Ill. 346; Shreffler v. Nadelhoffer, 133 Ill. 551; City of Sterling v. Wolf, 163 Ill. 467.

A surety can only be charged when the case is brought within the very terms of the contract. Abbott v. Brown, 30 Ill. App. 376; Crego v. People, 36 Ill. App. 407; People v. Foster, 133 Ill. 504.

The extent of a surety's liability must be embraced in the obligation or contract. Chicago & A. R. R. Co. v. Higgins, 58 Ill. 128; Phillips v. Singer Mfg. Co., 88 Ill. 305.

Sureties have a right to declare conditions. Hood v. Paddock-Hawley Iron Co., 53 Ill. App. 229.

E. C. SWIFT and SNOW & HINEBAUGH, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was brought by the appellee against the appellants upon an indemnity contract executed by the latter to the appellee to secure the performance by one Eugene Normandin of a certain contract for the sale of beer to him by appellee. The two contracts are as follows:

"The Pabst Brewing Company, of Milwaukee, Wisconsin, a corporation, hereby agrees with Eugene Normandin, of Seneca, Ill., to sell him such beer of the quality usually manufactured by said corporation as he shall purchase under this agreement at the following prices, viz.:

Keg beer, "Standard" at the rate of $.. per bbl.
    "       "    "Bohemian" at the rate of  ..   "   "
    "       "    "Hofbrau" at the rate of  ..   "   "
Bottled beer, "Export," $..per case, $..per cask 6 doz. qts.
    "       "    "Bavarian," ..   "    ..   "    "    "
    "       "    "Hofbrau," ..   "    ..   "    "    "
    "       "    "Bavarian," ..    "   . ..   "    "    "
    "       "    "Select,"  ..   "    ..   "    "    "

Bottled beer casks containing 10 doz. pints, more than quarts.

These prices, including the freight on beer from Milwaukee, Wis., to Seneca, Ill., as well as on the empty packages returned from there to said city of Milwaukee, to be subject, however, to a proportionate change at the option of said Brewing Company in case cost of manufacture or of transportation shall be changed.

Said Eugene Normandin agrees to pay said company for said beer the prices before mentioned, and to pay the railroad freight on all shipments made to him under this agreement, which, upon the receipt of the original freight bill by the Pabst Brewing Company, shall be credited on its books to his account; and he also agrees to reship as soon as empty all kegs and packages in which said beer was received, the delivery to the company of shipping receipts therefor constituting such reshipment; and for empty bottles and cases reshipped as before stated to said Pabst Brewing Company it agrees to credit the account of said Eugene Normandin as follows: 24 cents for each case (in good condition), 48 cents per dozen quart bottles and 36 cents per dozen pint bottles, actual count, at Milwaukee, provided said bottles are regular beer bottles, known as "Export" beer bottles. The said company agrees to allow a running credit on said sales to at least the amount of one thousand dollars on the purchases made under this contract; this amount to

include $— now due and owing by said —— to said Pabst Brewing Company which credit shall expire and the amount thereof become due and payable upon the termination of this agreement, or upon thirty days demand at any time. And for all beer said Eugene Normandin may purchase in excess of the amount of said credit, he hereby agrees to pay for at the rates aforesaid at the time of sending in his order therefor. And in consideration of this agreement, said company agrees that during the performance of this contract it will not sell or consign beer of its manufacture to any other party within the town of Seneca, Ill., or its vicinity. And said Eugene Normandin agrees that during the continuance of this agreement he will neither sell nor be interested in the sale of any beer not manufactured by the Pabst Brewing Company.

This agreement shall not be binding upon the said Pabst Brewing Company until the same has been signed by one of its officers and its corporate seal affixed at Milwaukee, Wisconsin.

This agreement may be terminated by either party upon ten days notice to the other in writing.

In witness whereof, the names of the parties to this contract are hereto subscribed, this — day of ——, A. D. 189–.

In presence of          PABST BREWING COMPANY,
    FRED RUENZEL.          By FRANK N. FELD, Treas.
    H. I. STAUR.          EUGENE NORMANDIN.

In consideration of the foregoing agreement, and in order to induce the Pabst Brewing Company to execute the same and thereby to secure to Eugene Normandin the benefit and advantage thereof, we, Martin Welke, of Dayton, La Salle county, Illinois, and Byron D. Snell, living about twelve miles southwest of Ottawa, La Salle county, Illinois, for value received, hereby become surety for the said Eugene Normandin, and do hereby jointly and severally guarantee the faithful performance of said contract, to the extent hereinafter set forth, and hereby bind ourselves, our heirs, executors and assigns, to indemnify and hold harmless the said Pabst Brewing Company for any loss or dam-

age it shall sustain by reason of any failure by said Eugene
Normandin to perform any of the agreements therein con-
tained, to the amount and sum of one thousand dollars, it
being understood that our liability shall not exceed that
sum, however great the default of said Eugene Normandin
may be.

Dated this — day of ——, A. D. 189–.

                          BYRON D. SNELL. (SEAL.)
In presence of            MARTIN WELKE. (SEAL.)
   E. NORMANDIN.

The declaration, after setting out the contracts as above,
avers that in pursuance of the contract with Normandin,
appellee did, from time to time, furnish to him at the town
of Seneca, large quantities or beer, of the value of two thou-
sand dollars, which was wholly unpaid.

Issues being formed upon the declaration, a jury was
waived and a trial had by the court, resulting in a finding
and judgment against appellants for $669.71, to reverse
which they appeal to this court, assigning for error that
the court admitted improper evidence, refused to hold as
law, in the decision of the case, certain propositions sub-
mitted to it by the appellants, and that the finding and
judgment of the court is contrary to the law and the evi-
dence.

Notwithstanding the declaration avers the shipments were
made to Normandin at Seneca, Illinois, the proof shows
they were made at Morris, Carbon Hill and Braidwood, and
there was no evidence that any of those places were in the
vicinity of Seneca. Appellants moved to exclude the evi-
dence of these shipments, which motion, the record shows,
the court took under advisement with the case, and no
express ruling thereon appears in the record; but the find-
ing and judgment of the court being for the full amount
proved, operated to deny the motion. On the trial appel-
lants requested the court to hold as law, in the decision of
the case, that appellee was not entitled to recover for beer
sold and shipped to Normandin, except at Seneca, and that
the other places named were not in the vicinity of Seneca,

and also that appellee could not recover in the case for any beer sold to Normandin, unless it was sold under the contract in evidence, which propositions the court refused, and appellants duly excepted.

These rulings of the court, upon the evidence and the propositions of law submitted to it, raise the question whether, under the averments of the declaration, the contracts in evidence and the oral testimony concerning the shipments, appellee was entitled to recover against the appellants. Appellee is in no position to complain, if the same construction shall, by the court, be given to its contract with Normandin, that by its declaration is attributed to it; which is, that it covered only sales for shipment to Seneca, Illinois. If the places to which shipments were in fact made, were claimed to be in the vicinity of Seneca, averment thereof should have been made. No such averment appears, and it is well known they are not in such vicinity. We think a fair construction of the contract limits the place of shipment for which appellants were to become liable, to Seneca or vicinity. Reading the contract within its four corners, we see no room for any other construction, especially in view of the claim providing the prices shall include the freight from Milwaukee to Seneca, clearly thereby evincing the intention of the parties, at the time of making the contract, that the shipments were to be made to the latter place.

We are therefore of the opinion the court erred in not excluding the evidence included in the motion of appellants, and in refusing to hold as law the propositions submitted, and for these errors the judgment of the Circuit Court will be reversed and the cause remanded.

Reversed and remanded.